## BROOKS, ordinary, *vs.* McEACHERN.

The court of ordinary has original and exclusive jurisdiction over the subject of escheats. The ordinary is not *ex-officio* the escheator; but upon inquisition in that court, the administrator is converted into the escheator, and is accountable in that character to the party entitled.

March 4, 1884.

Administrators and Executors. Escheats. Before Judge WILLIS. Muscogee Superior Court. November Term, 1883.

Reported in the decision.

THOMAS W. GRIMES, solicitor general; PORTER INGRAM, for plaintiff in error.

PEABODY & BRANNON, for defendant.

HALL, Justice.

This was a bill in equity, exhibited by the ordinary of Muscogee county, against the administrator of Sarah Clark, who died in that county intestate. The object of the bill was to escheat the estate of the deceased. The complainant claimed that he, as ordinary, was the escheator of said county. Various prayers were made for instructions how to proceed in the matter of escheating, together with others, for an account, etc. The bill did not show any dereliction of duty upon the part of the administrator, or that no steps had been taken to escheat the estate in his hands, or that he was improperly refusing to wind it up and pay it out to the party entitled under the law. The bill was demurred to for want of equity, and because there was a plain and adequate remedy at law to accomplish the object sought. The demurrer was sustained, and the bill dismissed, and complainant brought the case here by writ of error.

A court of equity has no jurisdiction over the subject; that jurisdiction is in the court of ordinary by express legislative enactment; the jurisdiction is original and exclusive. A court of equity might, as well as the court of ordinary, bring the administrator to an account, when applied to by an heir or distributee. There are none such here, and no escheat has been found in accordance with law. The ordinary is not *ex-officio* the escheator. Upon inquisition found in the court over which he presides, the administrator is converted into the escheator, and is accountable in that character to the party entitled. Code, §§2671, 2677, and citations thereunder, together with those in general note at end of chapter.

Judgment affirmed.